# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **GULF OFFSHORE LOGISTICS, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 09-0688-WS-N** |
| | ) | |
| **THOMAS B. BENDER, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

This matter is before the Court on the defendant's motion to dismiss.  (Doc. 5).
The parties have filed briefs in support of their respective positions, (Docs. 5, 9, 11, 12),[1]
and the motion is ripe for resolution.  After carefully considering the foregoing and other
relevant material in the file, the Court concludes that the motion is due to be denied.

## BACKGROUND

According to the complaint, the plaintiff entered an agreement with Bender
Shipbuilding & Repair, Inc. ("Bender"), pursuant to which the plaintiff paid to Bender $1
million to hold the delivery date and production capacity for construction of a $43 million
vessel, pending further negotiation towards a contract for construction of the vessel.  The
agreement provided that, should the plaintiff for specified reasons not proceed to contract
with Bender, the $1 million would be returned to the plaintiff.  In connection with this
agreement, the defendant executed a personal guaranty.  The plaintiff did not proceed to
contract with Bender.  Bender returned $400,000 to the plaintiff, but the principal sum of
$600,000 remains unpaid.  In this litigation, the plaintiff seeks to recover the balance, plus
interest, costs and attorney's fees, from the defendant based on his guaranty.  (Doc. 1 &

---

[1]The plaintiff's motion for leave to file surreply, (Doc. 12), which has not drawn
objection by the defendant, is **granted**.

Exhibits A, B).

The defendant argues the plaintiff lacks capacity to bring this action because it is a foreign corporation and lacks a certificate of authority to transact business in Alabama. The defendant also argues that the complaint fails to allege that the conditions precedent to recovery on the guaranty have been satisfied.

## I.  Qualification to Transact Business.

The defendant has adequately demonstrated that the plaintiff is a foreign corporation and that it has not obtained a certificate of authority.  Indeed, the plaintiff concedes as much.  The question becomes the effect of these facts.

In his principal brief, the defendant simply cited, without argument or authority, Section 10-2B-15.02 of the Alabama Code.  (Doc. 5 at 2 ¶ 4; *id*. at 6).  The plaintiff in response relied on the well-known interstate commerce exception to Section 10-2B-15.02. In reply, the defendant for the first time addressed the interstate commerce issue, even though it was at all times plainly the key to the motion.  This is improper, because district courts, including this one, ordinarily do not consider arguments raised for the first time on reply.[2]  It is true that the defendant asserted the applicability of Section 10-2B-15.02 in his opening brief, but he was not at liberty simply to cite the provision and delay any discussion of it and its interstate commerce exception until his reply brief.  Nevertheless, because the plaintiff has requested and received permission to file a surreply, the Court does not reject the defendant's argument as tardy.

It is, however, inadequate.  The defendant argues, without explanation or authority, that the guaranty should be viewed in isolation from the agreement with Bender to which it is related.  The defendant does not suggest that the agreement with Bender is intrastate,

---

[2]*See Park City Water Authority v. North Fork Apartments, L .P*. 2009 WL 4898354 at *1 n.2 (S.D. Ala. 2009) (citing cases from over 40 districts applying the rule in 2009 alone).

but instead argues that the guaranty, on its own, is a purely intrastate transaction. (Doc. 11 at 2).

Assuming without deciding that the guaranty on its own may be viewed as intrastate, the defendant has not established that it is legally permissible to consider the guaranty in isolation for purposes of Section 10-2B-15.02. The plaintiff, on the other hand, has cited a case, decided under the predecessor to Section 10-2B-15.02, in which the plaintiff's ability to sue on a personal guaranty was determined, not by viewing the guaranty on its own, but by evaluating the plaintiff's conduct as to the underlying contract. *North Alabama Marine, Inc. v. Sea Ray Boats, Inc.*, 533 So. 2d 598 (Ala. 1988). To similar effect is *Sharer v. Bend Millwork Systems, Inc.*, 600 So. 2d 223 (Ala. 1992).

The defendant has not acknowledged, much less distinguished, these cases. Accordingly, he has not met his burden on motion to dismiss.

## II.  Pleading of Conditions Precedent.

By its terms, the guaranty is one "of collection only." (Doc. 1, Exhibit B, ¶ 1). By its terms, the plaintiff "shall first take all necessary, reasonable and legal actions including exercise of any remedies provided to [the plaintiff] under the Letter Agreement to collect so much of the sums guaranteed hereby as can be obtained by diligent pursuit of such actions from Bender before making demand of [the defendant] under this Guaranty." (*Id.*). The parties agree that the contractual terms parallel the requirements of Alabama law, under which "the guarantor agrees to pay a debt only if the claim is not, after exercise of every reasonable effort on the part of the creditor, collectable from the principal." *Shur-Grain Feed Division William-Davies Co. v. Huntsville Production Credit Association*, 372 So. 2d 1317, 1320 (Ala. Civ. App. 1979). (Doc. 5 at 7; Doc. 9 at 7).

The defendant argues that the complaint must be dismissed because it "fails to allege that the specific conditions precedent specified in the Personal Guaranty and

required under Alabama law have been satisfied." (Doc. 5, ¶ 5). In particular, that it "does not allege that every reasonable effort to collect from the principal has been exhausted." (*Id*. at 7). The problem is that the complaint explicitly alleges that "[a]ll conditions precedent to [the plaintiff's] recovery under the Personal Guaranty have been satisfied." (Doc. 11 at 5). This language satisfies the plaintiff's pleading burden, because "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c). The defendant has not addressed Rule 9(c) or explained how it could fail to control here.

The complaint elsewhere alleges that the plaintiff has "diligently engaged in efforts to collect the debt from Bender by, among other things, filing a proof of claim in Bender's bankruptcy case for the amount of the outstanding debt owed by Bender under the Letter Agreement." The complaint continues, "No payments have been made to [the plaintiff] from the bankruptcy estate, and the likelihood that Bender will have the requisite funds to pay its unsecured creditors is highly unlikely." The complaint concludes that, "[a]s such, further attempts for [sic] collection from Bender would be fruitless." (Doc. 1, ¶¶ 12-13).

The defendant notes this language and argues that, "[u]nless and until the plaintiff can allege that its claim in the Chapter 11 case has been finally disallowed or that all monies payable with respect to its claim have been determined and paid, it does not allege a claim under the specific language of the Personal Guaranty or under Alabama law upon which relief can be granted." (Doc. 5 at 8). This is not an argument that the complaint fails to satisfy applicable pleading requirements but one that, as a matter of law, the plaintiff cannot proceed on a conditional guaranty before bankruptcy proceedings against the principal have concluded. The defendant offers no reasoning or authority (beyond a bald citation to *Shur-Grain*) in support of this position, and the Court will not construct an argument on his behalf. Whether or not he could ultimately establish this as the law, he

has not done so on motion to dismiss.[3]

## CONCLUSION

For the reasons set forth above, the defendant's motion to dismiss is **denied**.


DONE and ORDERED this 27th day of January, 2010.


s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[3]In his reply brief, the defendant for the first time argues (in two sentences) that the dispute is not ripe. (Doc. 11 at 3). As discussed above, this new argument comes too late to be considered.