# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| GULF OFFSHORE LOGISTICS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 09-0688-WS-N |
| | ) |
| THOMAS B. BENDER, JR., | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on the defendant's motion for reconsideration. (Doc. 16). The defendant argues that the Court erroneously placed on him the burden to show his entitlement to dismissal rather than placing on the plaintiff the burden to show its entitlement not to be dismissed.

As noted in the Court's previous order, the plaintiff sued to recover from the defendant over $600,000 pursuant to a personal guaranty he executed in connection with negotiations between the plaintiff and the defendant's company (now in bankruptcy) for construction of a multi-million dollar vessel. The defendant moved to dismiss on the grounds that, because the plaintiff is a foreign corporation that lacks a certificate of authority to transact business in Alabama, it "lacks capacity to bring this action." (Doc. 5 at 1). The defendant cited Alabama Code § 10-2B-15.02 for this proposition but provided no further argument. (*Id*. at 2, 6). The plaintiff responded by pointing out the well-established interstate commerce exception to the statute.

In his reply brief, the defendant for the first time acknowledged the interstate commerce issue but argued that the plaintiff "has failed to show that it was it was not engaged in intrastate commerce." (Doc. 11 at 1-2). In particular, the defendant argued that "whether a transaction is interstate or intrastate in nature depends on how the purpose of the transaction is defined," and he identified the relevant transaction as "the transaction

which is the basis for [the plaintiff's] action," that is, "the transaction between the plaintiff and defendant," that is, "the Personal Guaranty." (*Id*. at 2).

The Court ruled that, even if the guaranty, standing alone, could be viewed as an intrastate transaction, the defendant "has not established" that, for purposes of Section 10-2B-15.02, it is proper to view the guaranty divorced from the underlying negotiations for construction of a large vessel. Indeed, two Alabama cases indicate that the status of such a guaranty must be gauged by evaluating the plaintiff's conduct with respect to the underlying contract. The Court concluded that, because "[t]he defendant has not acknowledged, much less distinguished, these cases[,] he has not met his burden on motion to dismiss." (Doc. 15 at 3).

On motion to reconsider, the defendant argues that the Court "erroneously placed on the defendant the burden of proving that plaintiff was not exempt from Ala. Code § 10-2B-15.02," (Doc. 16 at 1), when in fact "the plaintiff [must] carr[y] its burden of demonstrating that it is exempt." (Doc. 17 at 5). For this proposition, the defendant relies on the following language from *Casa Investment Co. v. Bolen*, 931 So. 2d 53 (Ala. Civ. App. 2005): "Once a party presents evidence establishing that a corporation is a nonqualified corporation, the burden shifts to the nonqualified corporation to present evidence that it is exempt from § 10-2B-15.02(a)." *Id*. at 58.

This language establishes that, when a defendant moves for summary judgment on the basis of non-qualification, it meets its initial burden by showing the corporation is foreign and has not qualified. The plaintiff must then produce sufficient evidence to create a fact question as to whether it is exempt from the requirement, else suffer summary judgment. This is in fact what occurred in *Casa Investment*. The trial court granted summary judgment to the defendant because it had met its initial burden and the plaintiff had not met its responsive burden, but the appellate court reversed because the evidence showed the plaintiff was not doing business in Alabama for purposes of the

door-closing statute. 931 So. 2d at 57, 59.[1]

The problem for the defendant here is that he did not move for summary judgment. His motion is expressly styled as one "to dismiss," and he invoked only Rules 9(a), 12(b)(1), and 12(b)(6), not Rule 56. (Doc. 5 at 1). The defendant has not explained his invocation of Rule 12(b)(1), which permits dismissal only for lack of subject matter jurisdiction. It is not implicated here, because "[a] foreign corporation's failure to obtain authorization to do business in Alabama is a capacity defense and does not per se implicate standing and subject-matter jurisdiction." *Penick v. Most Worshipful Prince Hall Grand Lodge*, ___ So. 3d ___, 2009 WL 3805802 at *7 (Ala. 2009).

Nor has the defendant explained his citation to Rule 9(a). Rule 9(a)(1)(a) requires a complaint to allege the plaintiff's capacity to sue, but only if necessary to establish jurisdiction. As noted, jurisdiction is not at issue here. Rule 9(a)(2) requires a defendant asserting the plaintiff's lack of capacity to specifically deny capacity and set forth peculiarly known facts supporting the proposition. It does not provide for a motion to dismiss under that rule, and motions to dismiss for lack of capacity are brought under Rule 12(b)(1), 12(b)(2), 12(b)(6), 12(c), 12(f), or 56. 5A C. Wright & A. Miller, Federal Practice and Procedure § 1294 at 23-24 (3rd ed. 2004); *id*. 5C § 1360 at 80-81.

The defendant, in short, relied on Rule 12(b)(6) to obtain dismissal. "A motion to dismiss [under Rule 12(b)(6)] may be granted only when *a defendant demonstrates* beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Kirwin v. Price Communications Corp*., 391 F.3d 1323, 1325 (11th Cir. 2004) (emphasis added) (internal quotes omitted); *accord Beck v. Deloitte & Touche*, 144 F.3d 732, 735-36 (11th Cir. 1998) ("In seeking dismissal for failure to state a viable claim, *a defendant thus bears the* very high *burden* of showing that the plaintiff

---

[1]Likewise, in the unpublished case noted by the defendant as citing *Casa Investment* "with approval," (Doc. 17 at 2), the issue was presented on motion for summary judgment.

cannot conceivably prove any set of facts that would entitle him to relief.") (emphasis added) (internal quotes omitted).

Because the defendant presented a Rule 12(b)(6) motion rather than a Rule 56 motion, he at all times bore the burden of demonstrating entitlement to dismissal. It is true that both parties submitted evidence, and it is true that, when "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The Court, however, excluded the submitted evidence and so did not convert the motion to dismiss into one for summary judgment. While the Court did not explicitly exclude the evidence, "[a] judge need not convert a motion to dismiss into a motion for summary judgment as long as he or she does not consider matters outside the pleadings. According to case law, 'not considering' such matters is the functional equivalent of 'excluding' them — there is no more formal step required." *E.g., Harvey v. Lawrence County*, ___ F.3d ___, 2010 WL 21179 at *2 (11th Cir. 2010). Here, the Court noted the defendant's evidence of non-qualification but deemed it unnecessary because "the plaintiff concedes as much," (Doc. 15 at 2), and the Court did not address or even review the affidavit submitted by the plaintiff. Nor does the defendant contend that the Court converted, or should have converted, his motion into one for summary judgment.

In short, the defendant presented a Rule 12(b)(6) motion, which the Court analyzed as such and resolved as such. The defendant now complains that the Court should not have employed the burden applicable to Rule 12(b)(6) motions but instead should have used the very different burden applicable to Rule 56 motions. Had the defendant filed a Rule 56 motion, the Court would have been required to do just that. Had the defendant requested the Court to convert his motion to dismiss into a motion for summary judgment pursuant to Rule 12(d), the Court could have done so. Because the defendant pursued neither route, the Court correctly placed on him the burden of demonstrating entitlement to dismissal based on lack of capacity.

The defendant does not assert that he established entitlement to dismissal using the burden applicable to Rule 12(b)(6) motions, and he plainly did not. As noted, he must show that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. In making this assessment, "all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (internal quotes omitted). Nothing in the complaint or exhibits attached thereto (the guaranty and a letter cutting off negotiations for construction of the vessel) facially indicates that the plaintiff cannot establish capacity to sue, and the defendant does not argue otherwise.

Given this state of affairs, the defendant could prevail on motion to dismiss only by presenting a legal argument that the necessary interstate commerce nexus is foreclosed by these documents. The Court in its order gave the defendant credit for asserting a legal argument that the personal guaranty, viewed alone, as a matter of law could not support the interstate commerce exception. (Doc. 15 at 2-3). The defendant, however, denies that he made such an argument, (Doc. 17 at 3),[2] and he identifies no other legal argument that he asserted (beyond the faulty one premised on an incorrect allocation of the parties' burdens on motion to dismiss).

As this Court has recently noted:

> Motions to reconsider serve a valuable but limited function. They do not exist to permit losing parties to prop up arguments previously made or to inject new ones, nor to provide evidence or authority previously omitted. They do not, in short, serve to relieve a party of the consequences of its original, limited presentation.

*Dyas v. City of Fairhope*, 2009 WL 5062367 at *3 (S.D. Ala. 2009). The defendant elected to present his motion as one to dismiss, and with that election comes a burden the

---

[2]Since the defendant insists he never made such an argument, it is not clear why he bothers to assert that the Court analyzed the non-argument incorrectly. (*Id.* at 4). Nor is his refutation persuasive.

defendant now seeks to avoid.  A motion to reconsider is not available for such a purpose.

For the reasons set forth above, the motion for reconsideration is **denied**.

DONE and ORDERED this 9th day of February, 2010.

                s/ WILLIAM H. STEELE
                UNITED STATES DISTRICT JUDGE